**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELIJAH CLARK, | : | |
| Plaintiff, | : | Civil No. 11-1395 (SDW) |
| v. | : | |
| JOHN DOES 1-25, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

**ELIJAH CLARK**, Plaintiff pro se
4971210
Albert C. Wagner Youth Correctional Facility
P.O. Box 500 Ward Avenue
Bordentown, N.J. 08505

**WIGENTON**, District Judge

Plaintiff Elijah Clark ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the

complaint should be dismissed without prejudice at this time.

## I. BACKGROUND

Plaintiff, incarcerated at the Hudson County Correctional Facility at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants John Does 1-25 and the Jersey City Police Department. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 10, 2009, Plaintiff was falsely arrested and maliciously prosecuted by members of the Jersey City Police Department. He was arrested and charged with robbery. He was thereafter arraigned on the charges. "CJP Court" set bail at $150,000. After 145 days of incarceration, the case was dismissed on a "no bill" from the Hudson County Grand Jury.

Plaintiff seeks "compensation for false arrest, unlawful imprisonment and malicious prosecution by the Jersey City Police Department and its police officers." He seeks compensatory damages in the amount of $250,000 and punitive damages in the amount of $150,000.

## II. DISCUSSION

### A. Legal Standard

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a

district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

3

of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

**B. Analysis**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**1. Claims Against Jersey City Police Department**

Plaintiff asserts claims against the Jersey City Police Department based upon the actions of individuals and an untenable theory of vicarious liability.

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690–91, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal

involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Watson v. Abington Tp., 478 F.3d 144, 156 (3d Cir. 2007) (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

"A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)

Here, Plaintiff has failed to allege any facts that would

6

suggest a basis for imposing liability upon the Jersey City Police Department or the city of Jersey City. He has failed to allege any facts that would suggest that any constitutional violations he suffered were the result of an official policy or custom. Accordingly, all claims against the named governmental entities will be dismissed.

**2. Claims Against John Doe Defendants**

Plaintiff alleges claims of false arrest, unlawful imprisonment and malicious prosecution against the John Doe defendants.

An arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir.1989) (citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994) (section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a Fourth Amendment claim for false arrest, a plaintiff must allege that: (1) there was an arrest; and (2) the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To prove the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Hare v. Woodhead, No. 08-5894, 2011 WL 1748469, at *4 (D.N.J. May 6,

2011) (quoting Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (N.J. 1975)).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing Groman); see also Anela v. City of Wildwood, 595 F.Supp. 511, 512 (D.N.J. 1984).

Here, Plaintiff seems to base his claim for false arrest and false imprisonment solely upon the fact that the case was later dismissed on a "no bill" from the grand jury. However, Plaintiff fails to provide any details regarding the facts known to the police at the time of his arrest or even any details about the circumstances of his arrest. As such, Plaintiff has failed to allege sufficient factual matter to show that the claim is facially plausible, and therefore, the claims against John Does 1-25 must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to

8

overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]

Dated: January 18, 2012

                                          <u>Susan D. Wigenton</u>
                                          _____
                                          SUSAN D. WIGENTON
                                          United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. <u>Id.</u> To avoid confusion, the safer course is to file an amended complaint that is complete in itself. <u>Id.</u>